LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Lindsey E. Kress (SBN 278213)
lkress@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA  94104
Telephone:     415-318-8810
Facsimile:      415-676-5816

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION (incorrectly sued as US BANCORP)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN STEVENS, an individual, and DEBORAH STEVENS, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>US BANCORP, a Delaware Corporation; and DOES 1-100, INCLUSIVE<br><br>Defendant. | CASE NO.: 3:14-cv-02709-YGR<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:  August 12, 2014<br>Time:  2:00 p.m.<br>Place:  Courtroom 1 - 4th Floor<br><br>Complaint Filed: May 12, 2014 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 12, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendant U.S. Bank National Association (incorrectly sued as US Bancorp) (hereinafter ("U.S. Bank" or "Defendant"), through its undersigned counsel, will bring for hearing, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street, Oakland, California, its Motion to Dismiss the Complaint filed by plaintiffs Dan Stevens and Deborah Stevens ("Plaintiffs").

Defendant seeks dismissal of the Complaint and each of its causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that each cause of action fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  June 25, 2014                                   Respectfully submitted,
                                                        LOCKE LORD LLP

                                                        By: */s/ Lindsey E. Kress*
                                                        Regina J. McClendon
                                                        Lindsey E. Kress

                                                        *Attorneys for Defendant*
                                                        U.S. BANK NATIONAL ASSOCIATION
                                                        (incorrectly sued as US BANCORP)

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs' first cause of action for "Declaratory Relief" states a claim upon which relief can be granted.

2. Whether Plaintiffs' second cause of action for "Violation of California Civil Code section 2923.6" states a claim upon which relief can be granted.

3. Whether Plaintiffs' third cause of action for "Violation of California Civil Code section 2934a" states a claim upon which relief can be granted.

4. Whether Plaintiffs' fourth cause of action for "Violation of California Civil Code section 2924(a)(6)" states a claim upon which relief can be granted.

5. Whether Plaintiffs' fifth cause of action for "Unfair Business Practices" states a claim upon which relief can be granted.

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................1

III. LEGAL ARGUMENT............................................................................................................3

   A.  Plaintiffs' Entire Complaint Must Fail Due To Plaintiffs' Failure To Tender ............................3

   B.  Because Plaintiffs Do Not State A Claim Under Cal. Civil Code Section 2923.6, Plaintiffs' First and Second Causes of Action Must Fail ................................................................4

      1.  Plaintiffs' Second Cause Of Action For Violation of Cal. Civil Code Section 2923.6 Fails To State A Claim.................................................................................4

         a.  Plaintiffs fail to state a claim under Cal. Civ. Code § 2923.6(f)(2) ....................................4

         b.  Plaintiffs fail to state a claim under Cal. Civ. Code § 2923.6(d) ...........................................5

         c.  Plaintiffs fail to establish a cause of action under Cal. Civ. Code § 2923.6(c)....................7

      2.  Plaintiffs' First Cause Of Action For Declaratory Relief Fails As A Matter Of Law .........................................................................................................7

   C.  Plaintiffs' Third Cause of Action For Violation Of Cal. Civil Code Section 2934a Fails To State A Claim ..............................................................................................8

   D.  Plaintiffs' Fourth Cause of Action For Violation Of Cal. Civil Code Section 2924(a)(6) Fails To State A Claim.........................................................................................9

   E.  Plaintiffs' Fifth Cause of Action For Unfair Business Practices Fails To State A Claim..........11

IV.  CONCLUSION....................................................................................................................13

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

# **INDEX OF AUTHORITIES**

**Page(s)**

**CASES**

*Altman v. PNC Mortg.*,
  850 F.Supp.2d 1057 (E.D. Cal., 2012)..................................................................................12

*Arnolds Management Corp. v. Eischen*,
  158 Cal.App.3d 575 (1984) ....................................................................................................3

*Batt v. City and County of San Francisco*,
  155 Cal.App.4th 65 (2007) ....................................................................................................7

*Bernardo v. Planned Parenthood Fed. of America*,
  115 Cal. App. 4th 322 (2004) ..............................................................................................11

*Californians for Native Salmon and Steelhead Ass'n v. Department of Forestry*,
  221 Cal.App.3d 1419 (1990)..................................................................................................7

*Chabner v. United of Omaha Life Ins. Co.*,
  225 F.3d 1042 (2000) ..........................................................................................................13

*Daro v. Superior Court*,
  151 Cal. App. 4th 1079 (2007)............................................................................................12

*DeLeon v. Wells Fargo Bank, N.A.*,
  2011 WL 311376 (N.D. Cal. Jan 28, 2011).....................................................................9, 12

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (2011) .................................................................................................9

*Gaffney v. Downey Savings & Loan Assn.*,
  200 Cal. App. 3d 1154 (1988)...............................................................................................3

*Glenn K. Jackson Inc. v. Roe*,
  273 F.3d 1192 (2001) ..........................................................................................................12

*Glue-Fold, Inc. v. Slautterback Corp.*,
  82 Cal.App.4th 1018 (2000) .................................................................................................7

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal. App. 4th 1149 (2011)............................................................................................10

*Hagan v. Fairfield*,
  238 Cal.App.2d 197 (1965) ...................................................................................................7

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal. App. 4th 612 (1993) .........................................................................................11, 12

*Knapp v. Doherty*,
    123 Cal.App.4th 76 (2004) ........................................................................................... 8, 9

*Krantz v. BT Visual Images, LLC*,
    89 Cal. App. 4th 164 (2001) ...................................................................................... 11, 12

*Lane v. Vitek Real Estate Industries Group*,
    713 F. Supp. 2d 1092 (E.D. Cal. 2010) ............................................................................ 11

*Mabry v. Superior Court*,
    185 Cal.App.4th 208 (2010) .............................................................................................. 3

*McDowell v. Watson*,
    59 Cal. App.4th 1155 (1997) ............................................................................................. 7

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) .............................................................................................. 3

*Pantoja v. Countrywide Home Loans, Inc.*,
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) ........................................................................... 11

*Perez v. Wells Fargo Bank, N.A.*,
    2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) ................................................................. 12

*Scripps Clinic v. Superior Court*,
    108 Cal.App.4th 917 (2003) ............................................................................................ 11

*Shell Oil v. Richter,*
    52 Cal.App.2d 164 (1942) ................................................................................................. 7

*Simila v. American Sterling Bank*,
    2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) .................................................................. 12

*Sipe v. McKenn*a,
    88 Cal.App.2d 1001 (1948) ............................................................................................... 3

**CONSTITUTION AND STATUTES**

Bus. & Prof. Code § 17204 .................................................................................................... 11

Business and Professions Code § 17200 (the "UCL") .............................................. 11, 12, 13

Cal. Civ. Code § 2923 .............................................................................................................. 7

Cal. Civ. Code § 2923.5 ........................................................................................................... 3

Cal. Civ. Code § 2923.6 .............................................................................................. 4, 5, 7, 8

Cal Civ. Code § 2924.12(a)(2) ............................................................................................. 7, 8

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Cal Civ. Code § 2924(b)(e) ............................................................................................................. 8

Code Civ. Proc. § 1060 .................................................................................................................. 7

**OTHER AUTHORITIES**

Rule 12(b)(6) ............................................................................................................................ 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant U.S. Bank National Association (incorrectly sued as US Bancorp) (hereinafter ("U.S. Bank" or "Defendant")) moves to dismiss the Complaint filed by Dan Stevens and Deborah Stevens ("Plaintiffs") pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiffs have filed this meritless Complaint in an attempt to delay the foreclosure sale of the real property located at 2030 Cabernet Way, Livermore, California 94550 (the "Property"). Plaintiffs have asserted baseless claims that are refuted by Plaintiffs' own admissions in the Complaint and also discredited by the exhibits attached thereto.

As discussed in detail below, each of Plaintiffs' claims necessarily fails as a matter of law. As a result, U.S. Bank respectfully requests that this Court grant its motion to dismiss in its entirety.

## II.   STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In keeping with these rules, and without conceding for any other purpose the truth of Plaintiffs' allegations, U.S. Bank sets forth the facts pertinent to this motion.

As explained below, the Complaint is made unclear and confusing by the fact that the allegations do not distinguish between two different loans Plaintiffs had with U.S. Bank and the separate loan modification requests as to each.

On or about August 12, 2008, Plaintiffs obtained a loan in the amount of $881,250 from U.S. Bank (loan number xxxxxx0629,[1] the "the First Loan"), which was secured by a Deed of Trust

---

[1] For privacy reasons, all but the last four digits of the applicable loan numbers have been redacted.

recorded against the Property on August 22, 2008.  (*Id*., ¶ 19; *id*., Exh. B).  Plaintiffs defaulted on their payment obligations under the terms of the First Loan on or about October of 2009.  (Id., ¶ 20).  As a result of Plaintiffs' continued default, a Notice of Default was eventually recorded against the Property on January 3, 2012.  (*Id*., ¶ 21; *id*., Exh. C).  The Notice of Default reflected a past-due amount of $149,166.45 as of December 18, 2011.  (*Id*., Exh. C).

On or about April 4, 2012, a Substitution of Trustee was recorded wherein National Default Servicing Corporation was named the substitute trustee of the Deed of Trust.  (*Id*., ¶ 21; *id*., Exh. D).

Sometime in May of 2013, Plaintiffs submitted a loan modification application to U.S. Bank.  (Id., ¶ 23).  On or about June 17, 2013, U.S. Bank sent Plaintiffs correspondence advising that their request for a modification of the First Loan had been denied.  (*Id*., ¶ 24; *id*., Exh. E).  Thereafter, Plaintiffs submitted an additional request for a loan modification in December of 2013.  (*Id*., ¶ 25).

U.S. Bank subsequently sent Plaintiffs a separate letter dated February 21, 2014 advising that a further request for a loan modification of the First Loan had been denied.  (*Id*., ¶ 26; *id*., Exh. F).

On or about January 30, 2014, U.S. Bank sent Plaintiffs correspondence advising that their request for a modification of a **different** loan, account number xxxxxx6033 ("the Second Loan"), was denied, as the account had been paid in full.  (*Id*., ¶ 27; *id*., Exh. G).

Plaintiffs sent U.S. Bank a letter requesting clarification concerning the loan modification denial related to **the Second Loan** on March 20, 2014, which was received by U.S. Bank on March 24, 2014 – after the March 1, 2014 deadline had lapsed.[2]  (*Id*., ¶ 28; *id*., Exh. H, Exh. I, Exh. J); (*see also, id*. at Exh. G) (reflecting March 1, 2014 deadline to appeal as to the Second Loan).

As a result of Plaintiffs' failure to timely appeal the modification denial associated with the Loan and in light of Plaintiffs' continued default on the Loan, a Notice of Trustee's Sale reflecting an unpaid principal balance and other charges of $1,126,245.94 was recorded against the Property on April 16, 2014.  (*Id*., ¶ 29; *id*., Exh. K).[3]  To date, no sale has occurred.

---

[2] The letter was also received after the March 23, 2014 deadline to appeal the denial associated with the First Loan. (Compl., Exh. F).

[3] Exhibit K itself contains the recorder-stamped recording date of April 16, 2014.  The date contained in this exhibit supersedes the erroneous date asserted in paragraph 44, which incorrectly states that the notice of sale was recorded on March 16, 2014.

2

## III. LEGAL ARGUMENT

### A. Plaintiffs' Entire Complaint Must Fail Due To Plaintiffs' Failure To Tender

Plaintiffs' entire Complaint must fail because they cannot bring a claim seeking to challenge any potential foreclosure sale of the Property without alleging that they (1) have tendered or (2) are willing and able to tender the full loan proceeds. *See Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust…."); *Mabry v. Superior Court*, 185 Cal.App.4th 208, 225 (2010) (except claims brought pursuant to Civil Code section 2923.5, "tender of the full amount of payment before any foreclosure sale can be postponed" is the "common law rule") (citation omitted).

Here, Plaintiffs seek equitable relief from an impending foreclosure sale, but fail to demonstrate that they are unconditionally willing and *able* to tender the full outstanding balance of $1,126,245.94.  (*See* Compl., Exh. K).  California law requires an unambiguous and unconditional tender of the full amount of the debt owed.  *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984) (tender must be of the "full amount of the debt for which the property was security" and "unconditional to be valid"); *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988) (debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect").  Here, Plaintiffs have failed to plead **<u>any facts</u>** alleging and/or demonstrating that they are willing and able to tender.  (*See generally* Compl.).

The tender rule is strictly enforced.  *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). Absent an alleged and <u>actual tender</u>, a complaint fails to state a viable cause of action.  "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." *Shuster,* 211 Cal.App.4th at 512, (citing *FPCI RE–HAB 01 v. E & G Investments, Ltd.* 207 Cal.App.3d 1018, 1022 (1989)).

Because Plaintiffs fail to allege <u>facts</u> demonstrating that they can tender the outstanding balance of **$1,126,245.94**, each of their claims must be dismissed.

### B. Because Plaintiffs Do Not State A Claim Under Cal. Civil Code Section 2923.6, Plaintiffs' First and Second Causes of Action Must Fail

#### 1. Plaintiffs' Second Cause Of Action For Violation of Cal. Civil Code Section 2923.6 Fails To State A Claim

Plaintiffs' second cause of action attempts to distort or confuse the facts concerning the two different loans in order to state a claim under Cal. Civ. Code § 2923.6. This attempt fails.

##### a. Plaintiffs fail to state a claim under Cal. Civ. Code § 2923.6(f)(2)

Plaintiffs first claim that U.S. Bank's June 17, 2013 letter denying their request for a loan modification was "ambiguous." (Compl., ¶ 40). Specifically, Plaintiffs claim that the June 17, 2013 letter states that the Plaintiffs' request for a loan modification was denied due to an excessive forbearance that they never previously received. (*Id*.). Consequently, Plaintiffs assert that this denial was "ambiguous" and somehow violated § 2923.6(f)(2) – which requires mortgage servicers to provide "…written notice to the borrower identifying the reasons for denial [of a first loan modification request] including…(2) [i]f the denial was based on investor disallowance, the specific reasons for the investor disallowance." (*Id*., ¶ 38); Cal. Civ. Code § 2923.6(f)(2).

However, contrary to Plaintiffs' assertions, the June 17, 2013 letter does *not* base the denial on Plaintiffs' ever receiving an excessive forbearance in the past. (*See* Compl., Exh. E). The reason for the denial provided on the June 17, 2013 letter specifically states as follows:

> Please be advised that your request for a foreclosure alternative option has been declined for the following reason:
> Excessive Forbearance. We are unable to create an affordable monthly obligation without altering the contract beyond the program limitations.

(*Id*.). The June 17, 2013 letter clearly states that the application was denied because granting Plaintiffs' request for a loan modification would **result** in an excessive forbearance – not that the request was denied because Plaintiffs *previously received* an excessive forbearance. Plaintiffs' attempt to manipulate the contents of this letter as proof of some alleged violation of section 2923.6(f)(2) fails because the explicit contents of the letter itself refute their claim.

Next, Plaintiffs state that they received an additional denial letter from U.S. Bank dated January 30, 2014 advising that their loan had been paid in full. (Compl., ¶ 42). However, the

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Stevens v. US Bancorp, et al.*, Case No. 3:14-cv-02709-YGR

1  January 30, 2014 correspondence was regarding a completely **different loan** – not the First Loan at
2  issue. (*See* Compl., Exh. G) (reflecting account number xxxxxx6033 – not the account number
3  associated with the First Loan, account number xxxxxx0629). Accordingly, the January 30, 2014
4  correspondence does not pertain to the First Loan at issue.

5  Plaintiffs make an additional misguided attempt to establish a violation of § 2923.6(f)(2) by
6  claiming that a February 21, 2014 letter from U.S. Bank contained an ambiguous reason for denial
7  by concluding that Plaintiffs' debt to income ratio ("DTI") was both *above* and *below* 31%. (*Id*., ¶
8  43). Specifically, Plaintiffs claim the letter states that "Plaintiffs were denied under the Traditional
9  Modification program because their debt to income ratio was already below 31%; whereas Plaintiffs
10 were denied under the Foreclosure Payment Plan because their **current** debt to income ratio
11 exceeded 31%." (*Id*.) (emphasis added).

12 However, this is **not** what is stated in the February 21, 2014 letter. The denial letter dated
13 February 21, 2014 states that Plaintiffs were denied under the Traditional Modification program
14 because their *current* DTI was already below 31%, the minimum allowed by the program. The letter
15 then states that Plaintiffs were denied under the Foreclosure Payment Plan because their *modified*
16 DTI exceeds 31%, which is outside of the program limits. (*See id.,* Exh. F at p. 5). Contrary to
17 Plaintiffs' assertions, the February 21, 2014 was not ambiguous as the letter clearly states the
18 reasons that Plaintiffs were denied under each program, which included the use of two distinct DTI
19 calculations – *current and modified* – as required by the associated programs.

20 Plaintiffs' attempt to mischaracterize the contents of various letters from U.S. Bank is refuted
21 by the explicit terms of such letters, which are attached as exhibits to the Complaint. Accordingly,
22 Plaintiffs have failed to state a claim under § 2923.6(f)(2).

23         **b.**     **Plaintiffs fail to state a claim under Cal. Civ. Code § 2923.6(d)**

24 Plaintiffs' second cause of action also attempts to establish a violation of § 2923.6(d), which
25 provides that "[i]f the borrower's application for a first lien loan modification is denied, the borrower
26 shall have at least 30 days from the **date of the written denial** to appeal the denial and to provide
27 evidence that the mortgage servicer's determination was in error." Cal. Civ. Code § 2923.(6)(d)
28 (emphasis added). Specifically, Plaintiffs claim that they properly filed an appeal to the February

21, 2014 denial letter on March 20, 2014, but that U.S. Bank denied the right for any appeal when it filed a Notice of Trustee's Sale on "March 16, 2014." (Compl., ¶ 44).

First, the Notice of Trustee's Sale was actually recorded on **April 16, 2014** – not March 16, 2014 - as admitted elsewhere in Plaintiffs' Complaint and on the Notice of Trustee's Sale attached to the Complaint itself. (*See* Compl., ¶ 29; Compl., Exh. K). This is well past any 30-day appeal period. Therefore, U.S. Bank did not violate § 2923(d) when it recorded the Notice of Trustee's Sale on April 16, 2014.

Second, the unsigned and undated letter that Plaintiffs claim to have submitted to U.S. Bank is not an appeal at all. (*See id.*, Exh. H). The letter simply asks for clarification regarding the reason(s) that the loan modification request was denied. This correspondence does not provide any additional evidence and/or information suggesting why U.S. Bank should reconsider Plaintiffs' application. (*Id.*). Furthermore, Plaintiffs admit that the letter at issue did not constitute an official appeal. (*Id.*) (stating "*[i]n order to file a correct dispute*, I need to better understand why the first letter was later modified after the dispute date and how I can be both over and under 31% debt to income ratio at the same time.") (emphasis added). More importantly, as discussed above, the letter provided by Plaintiffs does not even pertain to the Loan at issue. The letter specifies the "dispute" is regarding "**Account xxxxxx6033**" – not the First Loan at issue, account number xxxxxx0629. (*See id.*) (emphasis added).

Third, even if the March 24, 2014 letter from Plaintiffs to U.S. Bank did pertain to the First Loan and not the Second Loan (account xxxxxx6033) as clearly stated in the letter, the February 21, 2014 denial letter from U.S. Bank concerning the Loan states that the appeal package must be "**received** in [U.S. Bank's] office no later than **3/23/2014** to exercise [Plaintiffs'] right to appeal." (*Id.*, Exh. F at p. 2) (emphasis added). The tracking information provided by Plaintiffs indicates that the Plaintiffs' response was not received until **March 24, 2014.** (*Id.*, Exh. I, Exh. J). Accordingly, Plaintiffs' March 24, 2014 letter to U.S. Bank was untimely regardless of which loan is pertained to.

      **c.**      **Plaintiffs fail to establish a cause of action under Cal. Civ. Code § 2923.6(c)**

Plaintiffs' second cause of action also claims that U.S. Bank engaged in "dual-tracking" in violation of Cal. Civ. Code § 2923.6(c) when it filed a Notice of Trustee's Sale on "March 16, 2014, before Plaintiffs' appeal period had expired." (Compl., ¶ 45). However, as discussed above, the Notice of Trustee's Sale was actually recorded on **April 16, 2014** – well after the expiration of the March 23, 2014 appeal deadline. (*See* Compl., ¶ 29; Compl., Exh. K). Accordingly, Plaintiffs' claim under § 2923.6(c) must fail.

For all of the foregoing reasons, Plaintiffs have failed to state a claim against U.S. Bank under Cal. Civ. Code § 2923.

      **2.**      <u>**Plaintiffs' First Cause Of Action For Declaratory Relief Fails As A Matter Of Law**</u>

"The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." *Californians for Native Salmon and Steelhead Ass'n v. Department of Forestry*, 221 Cal.App.3d 1419, 1429 (1990); Code Civ. Proc., § 1060. Where there is no such controversy, a claim for declaratory relief may be dismissed. *Hagan v. Fairfield*, 238 Cal.App.2d 197, 202 (1965). Here, Plaintiffs label their first cause of action "Declaratory Relief" but are actually seeking injunctive relief pursuant to Cal Civ. Code § 2924.12(a)(2). (Compl., ¶¶ 32-36). Plaintiffs seek an injunction under § 2924.12(a)(2) based on the claims set-forth in their second cause of action for alleged violations of § 2923.6. (Compl., ¶ 34).

Plaintiff's claim for declaratory relief must fail because it is not a cause of action, but a form of equitable relief. *See Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007). Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the plaintiff's other claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000). Similarly, injunctive relief is a remedy rather than an independent claim. As a remedy, injunctive relief may be awarded only when a complaint otherwise states a breach by the defendant of a duty it owes the plaintiff. *See McDowell v. Watson*, 59 Cal. App.4th 1155, 1159 (1997); *Shell Oil v. Richter,* 52 Cal.App.2d 164, 168 (1942).

As discussed above, Plaintiffs do not assert a single viable cause of action against U.S. Bank under § 2923.6. Thus, as there is nothing to support Plaintiffs' request for declaratory relief and/or injunctive relief under § 2924.12(a)(2), this claim fails as a result.

### C.     Plaintiffs' Third Cause of Action For Violation Of Cal. Civil Code Section 2934a Fails To State A Claim

Plaintiffs' third cause of action claims that U.S. Bank violated Cal. Civ. Code § 2934a when it recorded the Substitution of Trustee on April 4, 2012 and failed to comply with the notice requirements of § 2924b. (Compl., ¶ 52). Specifically, § 2934a(b) states:

> "[i[f a substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries shall cause a copy of the substitution to be mailed, prior to the recording therefore, in the manner provided in § 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of § 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision."

Cal. Civ. Code § 2934a. Although Plaintiffs admit that the Substitution of Trustee recorded on April 4, 2012 does in fact contain an affidavit evidencing that Plaintiffs were mailed a copy of the Substitution of Trustee, Plaintiffs claim that they did not receive the notice. (*Id*., ¶ 53). As a result, Plaintiffs claim that the Notice of Default recorded on January 3, 2012 is void. (*Id*.).

At the outset, the affidavit attached to the Substitution of Trustee actually reflects that **<u>seven</u>** copies of the notice were mailed to Plaintiffs at the Property address – where they admit they still live. (*Id*., Exh. D). Setting aside the highly unlikely possibility that Plaintiffs somehow did not receive *any* of the seven notices, contrary to Plaintiffs' assertions, proof of delivery is not required under § 2924(b) – the governing provision under § 2934a(b). Specifically, § 2924(b)(e) states "[i]n the absence of fraud, the affidavit required by this subdivision shall establish a conclusive presumption of mailing." Cal Civ. Code § 2924(b)(e). As Plaintiffs have failed to properly set forth any facts alleging fraud, it is presumed that the notices were mailed as described on the affidavit to the Substitution of Trustee. Further, foreclosure notices need only be served in accordance with the statutory requirements; actual receipt by the borrower is not necessary. *Knapp v. Doherty*, 123 Cal.App.4th 76, 89 (2004). Thus, Plaintiffs' claims under § 2934a must fail.

8

Further, Plaintiffs' claim also fails because they have not pled any **facts** to establish any prejudice that resulted from any purported irregularities in the foreclosure process.  Plaintiffs allege that they did not receive required statutory notices. (Compl., ¶ 53).  However, they fail to allege any prejudice specifically resulting from these supposed procedural irregularities.  *See Knapp*, 123 Cal.App.4th at 86 n.4 (holding that a nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly, and one attacking the sale must overcome this presumption "by pleading and proving an improper procedure and the resulting prejudice"); accord *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 272 (2011) ("[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests…Prejudice is not presumed from 'mere irregularities' in the process."); *see also DeLeon v. Wells Fargo Bank, N.A.,* 2011 WL 311376, *9 (N.D. Cal. Jan 28, 2011) (where "the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments," holding that "Plaintiffs … have not shown … that the alleged [conduct] caused them to lose their home or resulted in any other damages").)

Here, Plaintiffs do not deny that they were in default on their payment obligations.  Indeed, the Notice of Default recorded on December 18, 2011, reflected a past-due amount of $149,166.45. (*Id*., Exh. C).  Because Plaintiffs are in danger of losing the Property due to their failure to make their required loan payments and not because of any alleged irregularities in the foreclosure process, this claim must fail.

**D.     Plaintiffs' Fourth Cause of Action For Violation Of Cal. Civil Code Section 2924(a)(6) Fails To State A Claim**

Plaintiffs' fourth cause of action claims that the Notice of Default recorded on January 2, 2012 violated § 2924(a)(6) because it was executed by Lisa Rogers, Director of National Default Servicing Corporation, prior to National Default Servicing being named Trustee via the April 4, 2012 Substitution of Trustee. (Compl., ¶ 57).  At the outset, § 2924(a)(6) was codified as part of the Homeowner's Bill of Rights ("HBOR") and did not become effective until January 1, 2013. There is no language in HBOR, or in any interpretive authority, which indicates that the HBOR operates retroactively.  *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 5199411, *5 n. 4 (N.D. Cal. Oct. 22,

2012) ("The amendments [in the Homeowner Bill of Rights] do not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively."); *Hartford Life & Annuity Ins. Co. v. Doris Barnes*, 2012 WL 688817, *5 (C.D. Cal. Feb. 3, 2012) ("There is a presumption against the retroactive application of new legislative enactments. 'A statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be the 'unequivocal and inflexible import of the terms, and the manifest intention of the legislature.'") (*quoting McClung v. Emp't Dev. Dept.*, 34 Cal.4th 467, 475 (2004)); *Western & Southern Life Ins. Co. v. State Bd. of Equalization*, 4 Cal.App.3d 21, 34 (1970) ("[R]etrospective imposition of increased liabilities should be carefully avoided.").

Indeed, as the California Supreme Court has said, "legislative enactments are generally presumed to operate prospectively and not retroactively unless the Legislature expresses a different intention." *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1208 (1988)(citations omitted).  This is because California "[adheres] to the time-honored principle, codified by the Legislature in Civil Code section 3 and similar provisions, that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application." *Id*. at 1208.  Therefore, as the act Plaintiffs' complain of occurred on January 3, 2012, Plaintiffs are unable to state a claim under § 2924(a)(6).

Setting aside the fact that § 2924(a)(6) is inapplicable to this claim, Plaintiffs assert that Lisa Rogers was "purporting to be the trustee under the Deed of Trust" when she executed the Notice of Default on January 3, 2012.  (Compl., ¶ 57).  However, this unsupported conclusion ignores what the document itself makes clear—that Ms. Rogers was signing not as trustee, but as an agent for U.S. Bank.  (Compl., Exh. C).  And section 2924(a)(6) specifically allows for "a designated *agent of the holder of the beneficial interest*" to sign a Notice of Default in such capacity.  Cal. Civ. Code § 2924(a)(6) (emphasis added).  Further, courts have held that the similarly worded section 2924(a)(1) specifically allows authorized agents to sign such documents.  *See Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149, 121 (2011) (explaining that "Section 2924, subdivision (a)(1) states that a 'trustee, mortgagee, or beneficiary, *or any of their authorized agents*' may initiate the

foreclosure process") (emphasis added); *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure ….").

For all these reasons, Plaintiffs' fourth cause of action must fail.

### E. Plaintiffs' Fifth Cause of Action For Unfair Business Practices Fails To State A Claim

Plaintiffs purport to assert a claim for violations of Business and Professions Code section 17200 (the "UCL"), which is based solely upon their other causes of action. Indeed, Plaintiffs merely incorporate by reference the allegations set forth in their other claims. However, to state a claim under the UCL, a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004). In doing so, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs have not alleged the existence of any "unlawful, unfair or fraudulent business act or practice." To the extent these claims are brought under the "unlawful" prong of the UCL, they fail because they are derivative of Plaintiffs' other failed legal claims. They also fail to properly allege the violation of any other law. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

And to whatever extent Plaintiffs attempt to bring claims under the UCL's "unfair" or "fraudulent" prong, their UCL claim is inadequately pled. An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003). Because Plaintiffs fail to plead, with particularity, that U.S. Bank engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong. *See Khoury*,

14 Cal.App.4th at 619 (UCL claims must be pled with particularity); *Simila v. American Sterling Bank*, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim because "Plaintiffs have not sufficiently 'tethered' their allegations of unfair competition to any underlying law").

Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege, with particularity, facts sufficient to establish that the public would likely be deceived by Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011). They have not done so. Thus, Plaintiffs also fail to state a claim under the "fraudulent" prong. *See id*. at *16 (dismissing UCL claim explaining that "Plaintiffs have not met this standard because they have not identified specific deceptive statements or omissions … or alleged facts showing why those specific statements or omissions would be likely to deceive the public."); *Altman v. PNC Mortg*., 850 F.Supp.2d 1057, 1078-79 (E.D. Cal., 2012) (dismissing UCL claim because "[t]he complaint … lacks … facts to describe how consumers were deceived"); *Khoury*, 14 Cal.App.4th at 619 (UCL claim lacked requisite particularity where plaintiff did not explain the manner by which the defendant allegedly mislead the plaintiff's customers).

Moreover, Plaintiffs lack standing to bring a UCL claim against Defendant in the first place. "To bring a claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204). "That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007). In this case, the impending foreclosure sale of the Property is due to Plaintiffs' default, not any unlawful conduct by Defendants. *See DeLeon*, 2011 WL 311376 at *7. And, Plaintiffs have not alleged any actual loss of money or property.

Finally, Courts have made clear that the UCL cannot be used as an end-run around the requirements of other statutes. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (2001) (dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law); s*ee also Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action."). "A court may not

12
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
*Stevens v. US Bancorp, et al.*, Case No. 3:14-cv-02709-YGR

allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (2000).

Plaintiffs predicate their UCL claim on the same allegations which provide the basis for each of their other causes of action. Indeed, the UCL claim is a mere recasting of those claims discussed in greater detail above. As all of Plaintiffs' causes of actions fail, so, too, does Plaintiffs' UCL claim.

## IV.   CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that this Court grant its motion to dismiss this action.

Dated:  June 25, 2014

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Lindsey E. Kress*

Regina J. McClendon
Lindsey E. Kress

*Attorneys for Defendant*
U.S. BANK NATIONAL ASSOCIATION
(incorrectly sued as US BANCORP)